ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL II

| **LUIS ARMANDO VEGA, LOURDES FERNÁNDEZ TRINIDAD y la sociedad legal de gananciales compuesta por ambos**<br><br>Recurridos<br><br>v.<br><br>**4:13 INSPIRING SOLUTIONS, LLC, ORLANDO J. VEGA ORTIZ T/C/P ORLANDO VEGA ORTIZ T/C/P ORLANDO VEGA, TERESA HERNÁNDEZ RODRÍGUEZ y otros**<br><br>Peticionario | TA2025CE00502 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de **Arecibo**<br><br>Civil Núm.: MT2025CV00390<br><br>Sobre: Incumplimiento de Contrato, Daños y Perjuicios |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera.

Cintrón Cintrón, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 8 de diciembre de 2025.

Comparecen ante este foro revisor, el Sr. Orlando J. Vega Ortíz t/c/c Orlando Vega Ortíz t/c/c Orlando Vega y la Sra. Teresa Hernández Rodríguez por sí y en representación de 4:13 Inspiring Solutions, LLC (en conjunto, codemandados o parte peticionaria) mediante *Solicitud de Certiorari* y nos solicitan que revisemos la *Orden* emitida el 4 de septiembre de 2025 por el Tribunal de Primera Instancia (TPI), Sala Superior de Arecibo. Mediante el referido dictamen, el foro primario anotó la rebeldía a los codemandados.

Por los fundamentos que expondremos a continuación, expedimos el auto de certiorari *solicitado* y revocamos la *Orden* impugnada.

**I.**

Surge del expediente que, el 27 de mayo de 2025, el Sr. Luis Armando Vega, la Sra. Lourdes Fernández Rodríguez y la Sociedad

Legal de Gananciales compuesta por ambos (en conjunto, demandantes o parte recurrida) incoaron una *Demanda* sobre daños y perjuicios e incumplimiento de contrato contra el Sr. Orlando J. Vega Ortíz, t/c/c Orlando Vega Ortíz t/c/c Orlando Vega y la Sra. Teresa Hernández Rodríguez por sí y en representación de 4:13 Inspiring Solutions, LLC. Los codemandados fueron emplazados el 2 de junio de 2025.

Posteriormente, el 24 de julio de 2025, los codemandados instaron una *Moción de Desestimación y/o Sentencia Sumaria al amparo de la Regla 10.2 de Procedimiento Civil*. Sostuvieron que, en las propias alegaciones de la demanda, quedó establecido que la única comparecencia del Sr. Orlando Vega Ortíz y la Sra. Teresa Hernández Rodríguez en los contratos objeto del pleito no fue en su capacidad personal, sino como representantes autorizados de la corporación de responsabilidad limitada, 4:13 Inspiring Solutions, LLC. En ese sentido, arguyeron que la Ley General de Corporaciones establecía que aquellas deudas, obligaciones y responsabilidades de una corporación de responsabilidad limitada que surgieran de un contrato o daños, serían exclusivas de esta y ningún miembro o administrador quedaría obligado personalmente por las mismas. Así, concluyeron que, al no existir una reclamación que justificara la concesión de un remedio, procedía que se desestimara la causa de acción en su contra.

Luego, el 31 de julio de 2025, los codemandados presentaron una *Moción Informativa y en Solicitud de Segunda Prórroga para Presentar la Contestación a Demanda*. En esta, manifestaron que las defensas a presentarse en la contestación a la demanda dependían, en gran medida, de la determinación del tribunal sobre su moción de desestimación. Por ello, solicitaron al foro primario que les concediera una prórroga y, consecuentemente, les permitiera presentar su alegación responsiva dentro del término de veinte (20)

días a partir de que este emitiera su dictamen en cuanto a la moción de desestimación. En la misma fecha, el foro de instancia emitió una *Orden* concediendo la prórroga según solicitada por los codemandados.

Por su parte, el 14 de agosto de 2025, los demandantes instaron una *Moción en Oposición a Desestimación [...]*, en la cual alegaron que desestimar el pleito en la etapa inicial de los procedimientos les colocaría en un estado de indefensión toda vez que se les privaría de su día en corte. En ese sentido, arguyeron que, previo a tomar una decisión, el tribunal debía tomar como ciertas las alegaciones bien formuladas en la demanda pues les asistía una presunción de legalidad, corrección y veracidad. Expusieron además que las conductas fraudulentas y mal intencionadas del Sr. Orlando Vega Ortíz y la Sra. Teresa Hernández Rodríguez no podían ser escudadas bajo el manto de la protección que otorga la Ley General de Corporaciones.

Así las cosas, el foro de instancia emitió una *Orden* dándose por enterado y calendarizando una vista inicial en la cual se discutirían todos los asuntos para el 18 de diciembre de 2025.

De otra parte, el 17 de agosto de 2025, los demandantes instaron una *Moción en Solicitud de Reconsideración a Concesión de Prórroga Adicional.* Mediante la misma, adujeron que las prórrogas solicitadas por los codemandados eran meras tácticas para entorpecer los procedimientos ante dicho foro. A su vez, manifestaron que permitirle a dicha parte prolongar la contestación de la demanda, mientras paralelamente tramitaban otro pleito en un foro distinto, podía resultar en un grave menoscabo a sus derechos a una adjudicación justa y pronta de sus reclamaciones.

No obstante, la referida solicitud de reconsideración fue declarada *No Ha Lugar* mediante la *Orden* de 18 de agosto de 2025. El tribunal dispuso además que trataría la prórroga concedida de

forma perentoria y que atendería todos los asuntos en la vista pautada para el 18 de diciembre de 2025.

Así las cosas, el 4 de septiembre de 2025, los demandantes instaron una *Moción en Solicitud de Anotación de Rebeldía*. En esta, indicaron que ya había transcurrido el término provisto en las Reglas de Procedimiento Civil de Puerto Rico para presentar alegación responsiva desde que los codemandados advinieron en conocimiento de la demanda. Asimismo, arguyeron que habían transcurrido más de noventa (90) días desde que estos comparecieron por primera vez en el pleito sin que presentaran su contestación a la demanda. Por ello, solicitaron al foro primario que anotara la rebeldía a los codemandados y dictara sentencia en conformidad con el remedio solicitado en la demanda.

El 4 de septiembre de 2025, el foro primario emitió la *Orden* que hoy revisamos. Mediante el referido dictamen el tribunal dispuso lo siguiente:

> ENTERADO Y COMO SE PIDE. SE ANOTA LA REBELDÍA A LOS CO-DEMANDADOS, SEGÚN SOLICITADO. SE ATENDERAN TODOS LOS ASUNTOS EN VISTA DEL 18 DE DICIEMBRE DE 2025.

En desacuerdo, los codemandados presentaron una *Moción de Reconsideración al Amparo de la Regla 47 de Procedimiento Civil*. Puntualizaron que no presentaron su alegación responsiva debido a que descansaron en la determinación emitida por el tribunal, mediante la cual se les concedió una prórroga de veinte (20) días contados desde que este emitiera su dictamen sobre la moción de desestimación para entonces presentar su contestación. Por ello, concluyeron que existía justa causa para no haber presentado la contestación a la demanda y, consecuentemente, el levantamiento de la anotación de rebeldía. No obstante, el foro primario declaró *No Ha Lugar* la referida solicitud.

Insatisfecho aun, el 24 de septiembre de 2025, la parte peticionaria acudió ante este foro revisor mediante *Solicitud de Certiorari* señalando la comisión del siguiente error:

> Erró el Tribunal de Primera Instancia al anotar la rebeldía a la parte peticionaria cuando ésta descansó en las órdenes y prórrogas concedidas por el propio tribunal.

El 29 de octubre de 2025, la parte recurrida compareció mediante *Oposición a Expedición de Certiorari*.

Con el beneficio de la comparecencia de ambas partes, estamos en posición de resolver.

**II.**

**A.**

El recurso de *certiorari* es el mecanismo procesal idóneo para que un tribunal de superior jerarquía pueda enmendar los errores que cometa el foro primario, sean procesales o sustantivos. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *León v. Rest. El Tropical*, 154 DPR 249 (2001). La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone taxativamente los asuntos que podemos atender mediante el referido recurso. *Scotiabank v. ZAF Corp.*, 202 DPR 478 (2019).[1]

Sin embargo, distinto al recurso de apelación, la expedición del auto de *certiorari* está sujeta a la discreción del foro revisor. La discreción consiste en una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera.

---

[1] El recurso de *certiorari,* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Regla 52.1 de Procedimiento Civil, supra.

Ahora bien, no significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso constituiría un abuso de discreción. *García v. Padró*, 165 DPR 324, 334-335 (2005).

Así, para que este Foro pueda ejercer con mesura la facultad discrecional de entender, o no, en los méritos, una petición de *certiorari,* la Regla 40 del Reglamento del Tribunal de Apelaciones enumera los criterios que viabilizan dicho ejercicio. En particular, la referida Regla dispone lo siguiente:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 59-60, 215 DPR __ (2025).

Los criterios antes transcritos nos sirven de guía para poder, de manera sabia y prudente, evaluar, tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada. Ello, para tomar la determinación si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97-98 (2008). De no encontrarse presente alguno de los

criterios anteriormente enumerados en un caso ante nuestra consideración, no procede nuestra intervención.

Además, es importante enfatizar que todas las decisiones y actuaciones judiciales se presumen correctas y le compete a la parte que las impugne probar lo contrario. *Vargas v. González*, 149 DPR 859, 866 (1999).

**B.**

Sabido es que la figura jurídica de la rebeldía se define como la posición procesal en que se coloca a la parte que ha dejado de cumplir un deber procesal o de ejercitar su derecho de defenderse. La misma se encuentra prescrita por la Regla 45 de Procedimiento Civil, 32 LPRA Ap. V, R. 45.[2] El propósito perseguido por la anotación de rebeldía es servir de disuasivo a que las partes incurran en prácticas dilatorias como estrategia litigiosa. *Martínez v. Inst. Cardiopulmonar*, 213 DPR 221, 228 (2023); *Álamo v. Supermercado Grande, Inc.*, 158 DPR 93, 100 (2002).

La Regla 45.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 45.1, dispone las situaciones en las cuales procede la anotación de rebeldía, a saber:

> Cuando una parte contra la cual se solicite una sentencia que concede un remedio afirmativo haya dejado de presentar alegaciones o de defenderse en otra forma según se dispone en estas reglas, y este hecho se pruebe mediante una declaración jurada o de otro modo, el Secretario o Secretaria anotará su rebeldía.
>
> El tribunal a iniciativa propia o a moción de parte, podrá anotar la rebeldía a cualquier parte conforme a la Regla 34.3(b)(3) de este apéndice.
>
> Dicha anotación tendrá el efecto de que se den por admitidas las aseveraciones de las alegaciones afirmativas, sujeto a lo dispuesto en la Regla 45.2(b) de este apéndice.
>
> La omisión de anotar la rebeldía no afectará la validez de una sentencia dictada en rebeldía.

---

[2] J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 2da ed., San Juan, Ed. Publicaciones JTS, 2011, T. IV, pág. 1337.

La antedicha Regla provee un remedio para las situaciones en las cuales el demandado no comparece a contestar la demanda o no se defiende de ninguna otra forma, por lo que no presenta alegación o defensa alguna contra las alegaciones y el remedio solicitado. Además, aplica como sanción en aquellas instancias en las que alguna parte en el pleito ha incumplido con alguna orden del tribunal. *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 589 (2011). Una consecuencia de la anotación de rebeldía es la facultad del tribunal para dictar una sentencia en rebeldía. Regla 45.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 45.2.

La anotación o denegatoria de anotación de una rebeldía depende de que se hayan satisfecho los requisitos que establece la referida Regla 45.1 de Procedimiento Civil, *supra.* La rebeldía es un mecanismo procesal discrecional para el TPI, pero no se puede ejercer burda o injustamente. Así, la anotación de rebeldía o dictar sentencia en rebeldía a una parte como sanción por su incumplimiento con una orden del tribunal siempre se debe dar dentro del marco de lo que es justo, y la ausencia de tal justicia equivaldría a un abuso de discreción. *Rivera Figueroa v. Joe's European Shop*, supra, pág. 590, citando a *Díaz v. Tribunal Superior*, 93 DPR 79 (1966). Cuando se le anota la rebeldía a una parte se dan por admitidos todos los hechos bien alegados en la demanda o la alegación que se haya formulado en contra del rebelde y se autoriza al tribunal para que dicte sentencia, si esta procede como cuestión de derecho. *Rivera Figueroa v. Joe's European Shop*, supra, pág. 590, citando a *Continental Ins. Co. v. Isleta Marina,* 106 DPR 809 (1978).

En lo concerniente, la Regla 45.3 de Procedimiento Civil, *supra*, dispone que el tribunal podrá dejar sin efecto una anotación de rebeldía por causa justificada, y cuando se haya dictado sentencia en rebeldía, podrá asimismo dejarla sin efecto de acuerdo con la Regla 49.2 de dichas Reglas. *Román Cruz v. Díaz Rifas,* 113

DPR 500, 506-507 (1982). La parte podría presentar evidencia de circunstancias que a juicio del tribunal demuestren justa causa para la dilación, o probar que tiene una buena defensa en sus méritos y que el grado de perjuicio que se puede ocasionar a la otra parte con relación al proceso es razonablemente mínimo. *Rivera Figueroa v. Joe's European Shop*, supra, pág. 593.

Ahora, por ser contrarias a la política pública relativa a que los casos se ventilen en los méritos, las sentencias dictadas en rebeldía no son totalmente favorecidas por nuestro ordenamiento. J.A. Cuevas Segarra, *supra*, pág. 1349. Por lo tanto, la interpretación de esta regla debe ser liberal, lo que implica que cualquier duda se debe resolver a favor de dejar sin efecto la sentencia emitida para que el caso se pueda adjudicar en los méritos. *Vázquez v. López*, 160 DPR 714, 726 (2003).

**III.**

En su recurso, la parte peticionaria esencialmente arguye que erró el foro primario al anotarle la rebeldía cuando descansó en las órdenes y prórrogas concedidas por el propio tribunal. Sostiene que actuó bajo el entendido de que, conforme con la *Orden* emitida el 31 de julio de 2025, no tenía que presentar su alegación responsiva hasta tanto el tribunal no se expresara sobre la moción de desestimación. Puntualiza que ninguno de los dictámenes posteriores modificó lo antes resuelto por el tribunal y añade que estuvo activamente haciendo valer sus derechos.

Por su parte, la parte recurrida alega que, 4:13 Inspiring Solutions, LLC no contaba con ninguna limitación para producir su alegación responsiva pues la solicitud de desestimación había sido presentada únicamente por los demás codemandados. Asimismo, aduce que el presente recurso es prematuro. Ello debido a que, en la *Orden* del 5 de septiembre de 2025, el foro de instancia dejó entrever que la anotación de rebeldía estaría pendiente de

adjudicación final en la vista pautada para el 18 de diciembre de 2025. *No les asiste razón.*

Luego de un análisis detenido del tracto procesal del caso, resulta forzoso concluir que se cometió el error señalado por la parte peticionaria. Según reseñáramos anteriormente, los codemandados presentaron una moción de prórroga ante el foro de instancia, la cual fue debidamente concedida por este mediante la *Orden* del 31 de julio de 2025. Sin embargo, pese a sus dictámenes previos, el tribunal les anotó la rebeldía. Ello haciendo una clara abstracción de todos los hechos relevantes que militaban en contra de la anotación. Recordemos que fue el propio foro primario quien le concedió la prórroga a los codemandados, según le fuera solicitado.

Así las cosas, no estamos ante un escenario en el que los codemandados emplearon un ánimo contumaz y temerario en la tramitación del caso; todo lo contrario, la prueba demuestra que estos actuaron bajo el correcto entendido de que el tribunal les permitió presentar su alegación responsiva una vez resolviera la solicitud de desestimación. Por lo que, cuando se aduce una buena defensa, como en este caso, y la reapertura no ocasiona perjuicio alguno, constituye un abuso de discreción denegar el levantamiento de la anotación de rebeldía. Cónsono con lo anterior, concluimos que la parte peticionaria demostró justa causa para que se levantara la rebeldía.

Ante ello, concluimos que, habiendo incurrido el foro primario en un claro abuso de discreción al denegarle a la parte peticionaria levantar la anotación de la rebeldía, procede expedir el auto de *certiorari*, a fin de evitar una injusticia, y dictar sentencia revocando la orden emitida por el referido foro.

**IV.**

Por los fundamentos antes esbozados, expedimos el auto de *certiorari* solicitado y revocamos el dictamen emitido por el Tribunal

de Primera Instancia, Sala Superior de Arecibo. Por consiguiente, se levanta la anotación de rebeldía impuesta contra los codemandados y devolvemos el caso al foro primario para la continuación de los procedimientos de manera compatible con lo aquí dispuesto.

Lo acordó el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones